**JOSEPH W. COTCHETT**
(SBN 36324; jcotchett@cpmlegal.com)
**GINA STASSI**
(SBN 261263; gstassi@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**PAUL W. REIDL**
(SBN 155221; paul@reidllaw.com)
**LAW OFFICE OF PAUL W. REIDL**
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530

*Attorneys for Plaintiff,*
*SMTM Technology, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SMTM TECHNOLOGY, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**APPLE, INC, a California Corporation,**<br><br>Defendant. | Case No. ______________________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

**Page**

**I. NATURE OF THE ACTION** .......... 1

**II. THE PARTIES** .......... 2

**III. JURISDICTION** .......... 2

**IV. VENUE AND INTRA-DISTRICT ASSIGNMENT** .......... 2

**V. FACTUAL ALLEGATIONS** .......... 3

A. BOVIS CREATES A NOVEL APPLICATION TO SHUT OFF CELL PHONE NOTIFICATIONS WHILE DRIVING .......... 3

B. THE USPTO ISSUES THE BOVIS PATENT .......... 4

C. APPLE INFRINGES THE BOVIS PATENT BY LAUNCHING THE "DO NOT DISTURB" WHILE DRIVING FEATURE OF IOS 11 .......... 5

D. THE PTAB AFFIRMS THE VALIDITY OF THE BOVIS PATENT .......... 5

**FIRST CLAIM FOR RELIEF**
(Infringement of Patent No. 8,958,853) .......... 6

**PRAYER FOR RELIEF** .......... 9

**DEMAND FOR JURY TRIAL** .......... 10

Plaintiff SMTM Technology, LLC ("SMTM"), brings this action against Apple to stop it from using SMTM's patented technology in its iOS 11 software without permission. SMTM seeks damages and injunctive relief. On information and belief, it alleges as follows:

**I. NATURE OF THE ACTION**

1. This is a civil action for patent infringement under 35 U.S.C. § 1 et seq.

2. On February 17, 2015, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 8,958,853, entitled "Mobile Device Inactive Mode and Inactive Mode Verification" to Nick Bovis (the "Bovis Patent"). This describes the "OFF MODE" application. A true and correct copy of the Bovis Patent is attached hereto as Exhibit A.

3. Mr. Bovis is an engineer, inventor and restauranteur. SMTM is the legal owner of the Bovis Patent by assignment from Mr. Bovis. He is its Managing Member.

4. Mr. Bovis invented the "OFF MODE" application in 2013. He was concerned that drivers were increasingly distracted by incoming calls and text messages while driving, which creates a public safety hazard. The "OFF MODE" application allows users to block telephone calls, text messages, and other notifications while driving and otherwise, gives them the option of issuing automated replies to senders or callers informing them that the driver is temporarily unavailable, and then provides a log of missed communications when "OFF MODE" is turned off. "OFF MODE" increases highway safety by diminishing the urge to use one's cell phone while driving. This allows drivers to focus solely on the road and traffic.

5. Ms. Bovis paid a software engineer to build the "OFF MODE" application. He made it available for downloading in 2013 on Google Play and his own website. Since then, it has been downloaded more than 61,000 times.

6. "OFF MODE" was the first application of its kind and, given its novelty, Mr. Bovis was issued the Bovis Patent.

7. Apple has infringed and continues to infringe one or more claims of the Bovis Patent by offering its "Do Not Disturb" while driving feature for iOS 11[1] to millions of Apple

[1] iOS is Apple's operating system for cell phones manufactured by Apple.

consumers throughout the world. Apple's "Do Not Disturb" while driving feature for iOS 11 mirrors the claims of the Bovis Patent.

8. It is inconceivable that Apple did not know about the Bovis Patent and the "OFF MODE" app when it launched its "Do Not Disturb" feature. Instead of licensing the Bovis Patent for a reasonable royalty, however, Apple helped itself to Mr. Bovis' invention and paid no compensation to him. On information and belief, Apple gambled that SMTM and Mr. Bovis could not afford to litigate their claims under the Bovis Patent. This lawsuit followed, and seeks, among other things, monetary damages and injunctive relief.

## II.   THE PARTIES

9. Plaintiff SMTM Technology, LLC, is a California limited liability company with its principal place of business in San Francisco, California. Mr. Bovis is its Managing Member.

10. Defendant Apple Inc. is a corporation organized and existing under the laws of the State of California. Its principal place of business is in Cupertino, California. It was the first company in the world to attain a market value of over $1,000,000,000,000 (one trillion) dollars.

## III.   JURISDICTION

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (Federal question) and 1338 (a) (any act of Congress relating to patents and trademarks.).

12. This Court has personal jurisdiction because Apple resides in and has its primary place of business within this District. This Court also has personal jurisdiction because Apple has committed and induced acts of patent infringement and has regularly and systematically conducted and solicited business in this District by and through, at a minimum, its sales and offers for sale of Apple products and services, and other contractual arrangements with Apple customers and third parties using such Apple products and services, including iOS 11, located in and/or doing business within this District.

## IV.   VENUE AND INTRA-DISTRICT ASSIGNMENT

13. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 1400 (b). Pursuant to Local Rule 3-2(c), intellectual property actions are assigned on a District-wide basis.

/ / /

## V. FACTUAL ALLEGATIONS

### A. BOVIS CREATES A NOVEL APPLICATION TO SHUT OFF CELL PHONE NOTIFICATIONS WHILE DRIVING

14. Mr. Bovis is well known in the Bay Area for his restaurants, including Lefty O'Doul's and the Broadway Grill. He is also known for his philanthropy as the President of Lefty O'Doul's Foundation for Kids, and his line of LEFTY O'DOUL'S non-alcohol mixers made by Bovis Foods, LLC.

15. What is not so well known about Mr. Bovis, however, is that he earned a degree in mechanical engineering from Cal Poly and has always had an intellectual curiosity for applying that training to solving everyday problems. He owns several patents, including patents for automatic earthquake shut off valves and systems.

16. In 2013, his children were complaining to him that he was always on or checking his phone while he was driving. He took that to heart and invented "OFF MODE," a breakthrough application for cell phones. He realized that he was not alone in spending time on the phone while driving; there were an increasing number of automobile accidents caused by driver distraction due to cell phone use. Automobile accidents caused by distracted driving were on the rise and had become as serious a public safety problem as driving while intoxicated. As many as 25% of all automobile accidents – or 1.6 million crashes – were caused by texting and driving. Many drivers are aware of the risks of distracted driving but lack the willpower not to use their phones while driving.

17. Mr. Bovis recognized a need for a technological solution that would limit user distractions without forcing the user to turn off their phone and thereby miss essential communications. In furtherance of this, the "OFF MODE" function of the Bovis Patent automatically notifies the sender that the recipient is temporarily unavailable, and it provides a log of missed communications once "OFF MODE" is turned off.

18. The proliferation of accidents caused by distracted driving also created a need for a driver to prove, in the event of an accident, that he or she was not using their phone while driving. Accordingly, Mr. Bovis created novel functionality for suppressing communications to

a user and a means for verifying that a user was not receiving or responding to communications while driving.

19. In essence, "OFF MODE" as described in the Bovis Patent allows users to shut off notifications while driving, and replies with automated responses letting people know they are busy. The "OFF MODE" application blocks the screen from showing text, email, phone calls and other notifications, eliminating distractions so that the driver can focus on road safety. Users still receive incoming messages but without the distracting pop-up notifications, pings, dings, vibrations or other sounds. When "OFF MODE" is turned off, a report of all missed texts and calls is made available to the driver.

20. In 2013, after conceiving of the "OFF MODE" function, Mr. Bovis, hired a software engineer to build an app for the Android platform and a patent lawyer to draft the patent application. This cost him over $50,000.

21. In May 2013, the "OFF MODE" app was released to the public. Mr. Bovis created a Facebook page for it that has almost 5,000 followers. He also created a web site for it, www.offmodeapp.com, from which a consumer could download the app. He also made the app available on the Google Play web site. The "OFF MODE" app has been downloaded more than 61,000 times.

22. Mr. Bovis felt so strongly about the public safety advantages of his app that he made it available to the public for free. He did not charge anything for the download.

**B. THE USPTO ISSUES THE BOVIS PATENT**

23. On June 14, 2013, Mr. Bovis filed a provisional patent application for the "OFF MODE" app titled "Mobile Device Inactive Mode and Inactive Mode Verification."

24. On February 9, 2014, Mr. Bovis filed a non-provisional, continuation of patent application for "OFF MODE."

25. On February 17, 2015, Mr. Bovis was issued United States Patent No. 8,958,853 for "Mobile Device Inactive Mode and Inactive Mode Verification," *i.e.*, the Bovis Patent. *See* Exhibit A.

/ / /

### C. APPLE INFRINGES THE BOVIS PATENT BY LAUNCHING THE "DO NOT DISTURB" WHILE DRIVING FEATURE OF IOS 11

26. On or around September 19, 2017, Apple launched iOS 11, which predominantly featured what it touted as a significant new and novel application, "Do Not Disturb" while driving. It had the same features as Mr. Bovis' patented "OFF MODE" app. "Do Not Disturb" while driving causes the iPhone to stay silent and the screen to stay dark while the user is driving. Likewise, if someone sends a message, they receive an automatic reply letting them know that the user is temporarily unavailable. If the message is important, the sender can type the word "urgent" to make sure the user receives a notification. Apple's "Do Not Disturb" while driving feature for iOS 11 mirrors or constitutes the equivalent of the elements comprising the Bovis Patent.

27. While "Do Not Disturb" while driving may have been new to IOS, it was certainly not new to the marketplace. IOS 11 was released over five (5) years after Mr. Bovis released his "OFF MODE" app and nineteen (19) months after the grant of the Bovis Patent. Given the massive legal resources available to Apple to search its new technology for patent infringement, and the knowledge that its software engineers and business executives have of the apps available for download on the Android platform, it is inconceivable that Apple was not fully aware of the Mr. Bovis' app and the Bovis Patent at the time it adopted "Do Not Disturb."

### D. THE PTAB AFFIRMS THE VALIDITY OF THE BOVIS PATENT

28. Mr. Bovis was shocked and saddened when he learned that Apple had incorporated his invention into their iOS 11 software and was profiting from it. He believed it was wrong for Apple to steal his invention, profit from it, and not pay him royalties. He therefore contacted Apple, told it that it was using the technology covered by the Bovis Patent, and requested that he be paid an appropriate royalty. Apple responded by disclaiming any liability for anything, and ultimately dismissed Mr. Bovis as a "patent troll".[2]

---

[2] A "patent troll" is a company that obtains the rights to one or more patents in order to profit by means of licensing or litigation, rather than by producing its own goods or services. Obviously, Mr. Bovis is not a patent troll because he has his own app that is available for download.

29. Shortly after SMTM contacted Apple about the Bovis Patent, the Bovis Patent was challenged at the Patent Trial and Appeal Board ("PTAB")[3] by a company called Unified Patents, Inc. Unified Patents is a membership-based organization dedicated to eliminating what a member considers to be a "poor quality patent," particularly in the tech field.

30. Apple is a member of Unified Patents. When SMTM accused Apple of instigating the PTAB challenge to the Bovis Patent, Apple denied having anything to do with it. In Apple's view, it was simply coincidental that the Unified Patents challenge occurred after Mr. Bovis had contacted Apple and asked for a reasonable royalty.

31. Unified Patents claimed that the Bovis Patent was invalid because the technology was already known, or strongly suggested by, previous patents. The PTAB disagreed, and on July 30, 2019, issued a decision holding that United Patents "failed to demonstrate a reasonable likelihood that it would prevail in showing the unpatentability of at least one challenged claim of the [Bovis Patent.]" The PTAB decision is attached as Exhibit B.

**FIRST CLAIM FOR RELIEF**

**(Infringement of Patent No. 8,958,853)**

32. SMTM re-alleges and incorporates by reference the allegations in Paragraphs 1-31 of this Complaint.

33. Apple has directly infringed, and continues to infringe, all claims of the Bovis Patent, pursuant to 35 U.S.C. § 271, by making, using, selling, or offering to sell within the United States, without authority, iOS 11 containing the infringing "Do Not Disturb" while driving software, during the term of the Bovis Patent.

34. As just one non-limiting example, set forth below is a description of Apple's infringement of claim one of the Bovis Patent in connection with Apple's "Do Not Disturb" while driving feature of iOS 11. SMTM reserves the right to modify this description, including, for example, on the basis of information about Apple's "Do Not Disturb" while driving feature

---

3 The Patent Trial and Appeal Board is an adjudicative body within the U.S. Patent and Trademark Office. It decides appeals from decisions of the patent examiners, and adjudicates the patentability of issued patents challenged by third parties in post-grant proceedings.

that is obtained through discovery.

35. The "Do Not Disturb" feature of iOS 11 infringes the Bovis Patent in the following ways:

| **The Bovis Patent (See Claims § of Ex. A)** | **iOS 11 "Do Not Disturb" While Driving** |
|---|---|
| A mobile device, comprising: | "Do Not Disturb" is a feature incorporated into Apple's iOS 11 for use on mobile devices such as iPhones and iPads. Apple's infringing products are their mobile devices running iOS11. |
| a wireless communication module; | Each of Apple's accused mobile devices includes a wireless communication module for sending and receiving phone calls, SMS messages, MMS messages, and the like. |
| a processor, controlling the wireless communication module; and | Each of Apple's accused mobile devices includes a microprocessor that controls the wireless communication module. |
| a memory controlled by the processor, the memory including instructions that when executed by the processor cause the processor to perform the steps of: | Apple's "Do Not Disturb" feature is performed by the execution of the instructions stored in the memory of the accused mobile devices by their processors. |
| receiving a user selection to automatically initiate the inactive mode in response to the pairing of the mobile device with a vehicle; | Apple's "Do Not Disturb" feature includes a Graphical User Interface (GUI) through which the user can select the inactive mode to automatically engage when the mobile device pairs to the vehicle via Bluetooth.<br>10:32<br>Do Not Disturb Activate<br>Automatically<br>When Connected to Car Bluetooth<br>Manually |

| | |
|---|---|
| receiving a user selection of an away message to use when the mobile device is in inactive mode; | Apple's "Do Not Disturb" feature includes a GUI through which the user can provide a selected away message to use when the mobile device is in inactive mode.   |
| in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode; | When the user selection is made as shown two blocks above this one, Apple's "Do Not Disturb" functionality automatically engages in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode. |
| when the mobile device is in inactive mode, in response to receiving a communication from the wireless communication module, transmitting the user selected away message via the wireless module and suppressing one or more sound, visual, or vibration communication cues that would have accompanied the communication had the mobile device not been in inactive mode. | When Apple's accused mobile devices are in inactive mode, in response to receiving a communication from the wireless communication module, they transmit the user selected away message via the wireless module and suppress one or more sound, visual, or vibration communication cues that would have accompanied the communication had the mobile device not been in inactive mode. |

36. As the direct and proximate result of Apple's infringing conduct, SMTM has suffered injury and, if Apple's conduct is not stopped, will continue to suffer, irreparable injury, and significant damages, in an amount to be proven at trial. Because SMTM's remedy at law is inadequate, it seeks permanent injunctive relief.

37. SMTM is informed and believes, and on that basis alleges, that Apple's infringement of the Bovis Patent has been and continues to be intentional, willful, and without regard to SMTM's rights. SMTM is informed and believes, and on that basis alleges, that Apple's infringement of the Bovis Patent is and has been intentional, deliberate, and willful at least because it had knowledge of the Bovis Patent as a result of its participation in the personal computing devices industry. It surely had knowledge of the "OFF MODE" app which was available for download long before the launch of iOS 11, which, on information and belief, led Apple to knowledge of the Bovis Patent.

38. SMTM is informed and believes, and on that basis alleges, that Apple has gained profits by virtue of its infringement of the Bovis Patent.

39. SMTM has sustained damages as a direct and proximate result of Apple's infringement of the Bovis Patent.

40. SMTM will suffer and is suffering irreparable harm from Apple's infringement of the Bovis Patent. SMTM has no adequate remedy at law and is entitled to an injunction against Apple's continuing infringement of the Bovis Patent. Unless enjoined, Apple will continue its infringing conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, SMTM prays for relief, as follows:

1. A judgment that the Bovis Patent is valid and enforceable;

2. A judgment that Apple has infringed one of more claims of the Bovis Patent;

3. An order and judgment permanently enjoining Apple and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the Bovis Patent;

4. A judgment awarding SMTM all damages adequate to compensate for Apple's infringement of the Bovis Patent, and in no event less than a reasonable royalty for Apple's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5. A judgment awarding SMTM all damages, including treble damages, based on any infringement found to be willful pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6. Actual damages suffered by SMTM as a result of Apple's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

7. A judgment that this is an exceptional case and an award to Apple of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

8. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SMTM hereby demands a jury trial on all issues raised by the Complaint.

Dated: December 13, 2019

By: /s/ Joseph W. Cotchett
**JOSEPH W. COTCHETT**
**GINA STASSI**
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

By: /s/ Paul W. Reidl
**PAUL W. REIDL**
**LAW OFFICE OF PAUL W. REIDL**
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530

*Attorneys for Plaintiff,*
*SMTM Technology, LLC*