Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Lauren Abendshien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 S. Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
labendshien@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SMTM TECHNOLOGY, LLC, | **Case No. 4:19-cv-08133-YGR** |
| Plaintiff, | **DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| APPLE INC., | |
| Defendant. | |

As and for its Answer to SMTM Technology, LLC's ("SMTM") December 13, 2019 Complaint for Patent Infringement ("Complaint"), Defendant Apple Inc. ("Apple") hereby states as follows:

## I. NATURE OF THE ACTION

1. Apple admits that the Complaint purports to state a claim for patent infringement. Apple denies that it has committed acts of patent infringement.

2. Apple admits that a document appearing on its face to be a copy of U.S. Patent No. 8,958,853 ("the '853 Patent"), entitled "Mobile Device Inactive Mode and Inactive Mode Verification" and naming Nick Bovis as inventor, was attached to the Complaint as Exhibit A. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 2.

3. Apple lacks information sufficient to admit or deny the allegations of paragraph 3.

4. Apple lacks information sufficient to admit or deny the allegations of paragraph 4.

5. Apple lacks information sufficient to admit or deny the allegations of paragraph 5.

6. Apple admits that the '853 Patent was issued to Mr. Bovis. Apple denies the remaining allegations of paragraph 6.

7. Denied.

8. Denied.

## II. THE PARTIES

9. Apple lacks information sufficient to admit or deny the allegations of paragraph 9.

10. Apple admits that it is a corporation organized and existing under the laws of the State of California, and that its principal place of business is in Cupertino. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 10.

## III. JURISDICTION

11. Apple admits that this Court has subject-matter jurisdiction over actions arising under 28 U.S.C. § 1338. To the extent this paragraph includes allegations that SMTM possesses sufficient rights in the '853 Patent to give rise to an Article III case or controversy, Apple lacks information sufficient to admit or deny that allegation. Apple denies that it has committed acts of patent infringement.

12.     Apple admits that it is subject to personal jurisdiction in this District. Apple admits that its principal place of business is located in this District and that it conducts business in California and in this District. Apple denies the remaining allegations of paragraph 12.

### IV.     VENUE AND INTRA-DISTRICT ASSIGNMENT

13.     Apple admits that venue is proper in this District. Apple states that the remainder of paragraph 13 contains statements of law to which no response is required.

### V.     SMTM'S FACTUAL ALLEGATIONS

14.     Apple lacks information sufficient to admit or deny the allegations of paragraph 14.

15.     Apple lacks information sufficient to admit or deny the allegations of paragraph 15.

16.     Apple lacks information sufficient to admit or deny the allegations of paragraph 16.

17.     Apple lacks information sufficient to admit or deny the allegations of paragraph 17.

18.     Apple lacks information sufficient to admit or deny the allegations of paragraph 18.

19.     Apple lacks information sufficient to admit or deny the allegations of paragraph 19.

20.     Apple lacks information sufficient to admit or deny the allegations of paragraph 20.

21.     Apple lacks information sufficient to admit or deny the allegations of paragraph 21.

22.     Apple lacks information sufficient to admit or deny the allegations of paragraph 22.

23.     Apple admits that provisional application No. 61/835,234 was filed on June 14, 2013, is entitled "Mobile Device Inactive Mode and Inactive Mode Verification," and names Nick Bovis as inventor. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 23.

24.      Apple admits that non-provisional application No. 14/176,107 was filed on February 9, 2014 and which claims priority to provisional application No. 61/835,234. Apple denies that the non-provisional application was a "continuation" of the provisional and denies that the non-provisional application's attempt to claim priority to the provisional application is proper. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 24.

25.     Admitted.

26.     Apple admits that iOS 11 was launched in the United States on or around September 19, 2017. Apple admits that iOS 11 included a feature that was described publicly as "Do Not Disturb

While Driving." Apple admits that, depending on settings, certain models of the iPhone may stay silent and the screen may be dark while "Do Not Disturb While Driving" is turned on. Apple further admits that, depending on settings and model of iPhone, "Do Not Disturb While Driving" may send an automatic reply to messages received. Apple further admits that, depending on settings and model of iPhone, "Do Not Disturb While Driving" may allow a sender to type "urgent" to generate a notification. Apple denies the remaining allegations of paragraph 26.

27. Apple admits that iOS 11 was launched on or around September 19, 2017 and that the '853 Patent issued on February 17, 2015. Apple denies the remaining allegations of paragraph 27.

28. Apple admits that Mr. Bovis contacted Apple through counsel. Apple lacks information sufficient to admit or deny the allegations of paragraph 28 relating to Mr. Bovis' beliefs and mental state. Apple denies the remaining allegations of paragraph 28.

29. Apple admits that third-party Unified Patents, Inc. filed a petition for *Inter Partes* Review (IPR) of the '853 Patent. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 29.

30. Apple admits that it is a member of Unified Patents. Apple admits that it denied having anything to do with the IPR petition filed by Unified Patents, and that in fact Apple was not involved in any way with the petition in question. Apple denies the remaining allegations of paragraph 30, including any allegation that Apple instigated or in any way caused Unified Patents to file an IPR petition.

31. Apple admits that Exhibit B appears to be a copy of a Decision Denying Institution of *Inter Partes* Review for the '853 Patent as issued by the Patent Trial and Appeal Board (PTAB). With respect to SMTM's allegations regarding the *Inter Partes* Review petition, Apple states that the contents of that document speak for themselves. Apple denies the remaining allegations of paragraph 31.

**VI.   FIRST CLAIM FOR RELIEF**

32. Apple incorporates by reference its responses to the allegations in paragraphs 1-31 of the Complaint.

33. Denied.

|   |       |         |
|---|-------|---------|
| 1 | 34.   | Denied. |
| 2 | 35.   | Denied. |
| 3 | 36.   | Denied. |
| 4 | 37.   | Denied. |
| 5 | 38.   | Denied. |
| 6 | 39.   | Denied. |
| 7 | 40.   | Denied. |

## PRAYER FOR RELIEF

To the extent a response to SMTM's Prayer for Relief is required, Apple denies that SMTM is entitled to any relief in any form whatsoever.

## APPLE'S AFFIRMATIVE DEFENSES

Apple alleges the following defenses to the claims set forth in the Complaint. Apple undertakes the burden of proof only with respect to those defenses where that burden rests with Apple by law.

## FIRST DEFENSE – INVALIDITY

The '853 Patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112. In particular, at least claim 1 of the '853 Patent is invalid under 35 U.S.C. §§ 102 and 103 over the Nokia Lumia 1520 and the User's Manual for the Nokia Lumia 1520, each alone or in combination with each other.

## SECOND DEFENSE – NON-INFRINGEMENT

Neither Apple, nor iOS 11, infringes the '853 Patent whether directly or indirectly, and whether literally or under the doctrine of equivalents.

## THIRD DEFENSE – UNPATENTABLE SUBJECT MATTER

The '853 Patent is invalid under 35 U.S.C. § 101 for claiming unpatentable subject matter.

## Apple's Prayer for Relief

WHEREFORE, Apple prays for the following judgment and relief against SMTM:

1. An order finding that this is an exceptional case and awarding Apple its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

2. Such other relief, in law or equity, as this Court deems just and proper.

DATED: January 23, 2020  Respectfully submitted,

 */s/ Doug Winnard*
Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Lauren Abendshien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 S. Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
labendshien@goldmanismail.com

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** has been served on January 23, 2020, to all counsel of record who are deemed to have consented to electronic service.

*/s/ Doug Winnard*
Doug Winnard (CA Bar No. 275420)