# EXHIBIT A

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Doug Winnard (CA Bar No. 275420)
Lauren Abendshien (*pro hac vice*)
Allyson M. Julien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 S. Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
labendshien@goldmanismail.com
ajulien@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SMTM TECHNOLOGY, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant. | **Case No. 4:19-cv-08133-YGR**<br><br>**DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC** |

Pursuant to Federal Rule of Civil Procedure 33, Defendant Apple Inc. requests that Plaintiff SMTM Technology, LLC ("SMTM") answer the following interrogatories within thirty (30) days of this request. SMTM is subject to a duty to supplement all responses in accordance with Federal Rule of Civil Procedure 26(e). The following definitions and instructions apply.

## DEFINITIONS

1. "Apple" means Apple Inc.

2. "SMTM," "Plaintiff," "You," or "Your" means SMTM Technology, LLC, including without limitation its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with SMTM, and all other persons acting or purporting to act on behalf of SMTM.

3. "Case" means *SMTM Technology, LLC v. Apple Inc.*, Case No. 4:19-cv-08133-YGR, in the United States District Court for the Northern District of California.

4. The "Patent-in-Suit" means United States Patent No. 8,958,853.

5. "Accused Products" means any Apple products or services that SMTM accuses of infringing the Patents-in-Suit in this action, including without limitation (a) any products identified in SMTM's Complaint, and any amendments thereto; and (b) any products identified in SMTM's forthcoming disclosures pursuant to Patent L.R. 3-1 and any amendments or supplements thereto that may be permitted by the Court.

6. "OFF MODE," "OFF MODE app," or "OFF MODE application" means the software application referenced by SMTM in Paragraphs 4–6 and 16–21 of SMTM's Complaint.

7. "Communication" means any means by which information is exchanged, including face-to-face, telephonic and video conversations, letters, memos, reports, presentations, emails and web or internet postings or comments.

8. "Document" or "Documentation" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data

compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, computer programs and files containing any requested information), any electronic mail, recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, and electronically stored information ("ESI"). Any Document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

9. The terms "each" and "Each" mean and include "each and every," "all" and "All" mean and include "any and all," and "any" and "Any" mean and include "any and all."

10. "Person" or "Persons" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

11. "Relate," "Relate To," "Related To" or "Relating To" means to describe, discuss, constitute, comprise, evidence, support, negate, or contradict.

12. "Identify" when used with reference to a Person means to provide his/her full name and present and/or last known business address or resident address, his present and/or last known employment position, including a description of his/her duties and responsibilities.

13. "Identify" when used with reference to a date means to specify the month, day and year.

14. "Identify" when used with reference to a Document means to specify the month, day and year the Document was created, the author(s) and recipient(s) of the Document, and the location of all copies of the Document.

15. "Identify" when used with reference to disclosures within a patent or patent application means to specify column and line numbers and/or figure and figure labels.

## INSTRUCTIONS

1. The singular form of a word should be interpreted in the plural as well.

2. Any pronoun shall be construed to refer to the masculine, feminine or neutral gender as in each case is most appropriate.

3. The words "and" and "or" shall be construed conjunctively or disjunctively,

whichever makes the request most inclusive.

4. If possible, supply all annual data requested on a calendar year basis. However, if fiscal year data is provided, please specify the months in which the fiscal year begins and ends. Whenever information is requested "for each year," include the requested information for all prior years and also the requested information available for the current year and specify what portion of the current year is covered by such information.

5. These interrogatories shall be deemed to seek answers as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These interrogatories are of a continuing nature and You are required to file and serve supplemental responses promptly if You obtain further or different information after the date of Your initial answer.

6. If information requested is not readily available from Your records in exactly the form requested, furnish carefully prepared estimates, designated as such and attach explanations of any estimate used.

7. If You do not answer any interrogatory, or part thereof, because of a claim of privilege or any other claim, set forth the privilege claimed, the facts upon which You rely to support the claim or privilege, and furnish a list identifying each item of information for which privilege is claimed, including:

    a. a brief description of the nature and subject matter;

    b. the date the information was acquired or came into existence; and

    c. the name and title of the individual(s) who generated, provided, and received the information.

## FIRST SET OF INTERROGATORIES

<u>INTERROGATORY NO. 1</u>:

Separately for each of the following limitations recited in one or more claims of U.S. Patent No. 8,958,853, identify all disclosures of Provisional Application No. 61/835,324 that You contend provide written description support, in the manner required by 35 U.S.C. § 112, in order to obtain an earlier effective filing date under 35 U.S.C. § 120:

a. "receiving a user selection to automatically initiate the inactive mode in response to the paring of the mobile device with a vehicle;"

b. "in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode"

c. "a memory controlled by the processor, the memory including instructions that when executed by the processor cause the processor to perform the steps of"

d. "suppressing all sound, visual, and vibration cues that would have accompanied the communication had the mobile device not been in inactive mode."

INTERROGATORY NO. 2:

Describe with particularity all occasions on which You offered, were offered, or agreed to license, convey, or acquire any rights in or to the Patent-in-Suit (or to any collection of intellectual property rights that encompasses the Patent-in-Suit) including for each instance, the identity of any Third Party involved in the offer, the patents involved, the dates of the relevant communications, the proposed (and, if applicable, actual) terms or conditions of the proposed or actual license or acquisition including monetary, temporal, geographic, and other terms, all individuals having knowledge regarding the instance, and all Documents comprising, referring or relating to, or reflecting the instance.

INTERROGATORY NO. 3:

Identify any objective indicia or secondary considerations (such as commercial success, long-felt need, failed attempts of others to solve a problem, initial skepticism, industry recognition and praise for patented products, unexpected results or properties, licenses, and copying and imitation by others) that You contend are relevant in determining the issue of obviousness of the subject matter claimed in the Patents-in-Suit under 35 U.S.C. § 103 and describe in detail why each secondary consideration demonstrates non-obviousness, including its alleged nexus to the Patents-in-Suit, and each person having knowledge of the facts underlying such response.

INTERROGATORY NO. 4:

Separately for each claim of the Patent-in-Suit, describe with particularity all facts and circumstances Relating To the conception and reduction to practice of the claimed invention, including the date on which you contend the claimed invention was conceived and the date on which

You contend the claimed invention was reduced to practice, and each person with knowledge of such conception or reduction to practice, including the nature of each person's participation, involvement, and/or contribution to such conception and/or reduction to practice.

INTERROGATORY NO. 5:

State whether the OFF MODE app was marked with the number of the Patent-in-Suit in compliance with 35 U.S.C. § 287(a) and, if so, identify when You first marked the OFF MODE app and the manner in which such marking was allegedly made.

INTERROGATORY NO. 6:

If You contend that You had a good-faith factual basis for alleging in Your Complaint (Dkt. No. 1) that Apple had knowledge of either the OFF MODE app or of the Patent-in-Suit, or both, prior to Apple's release of "Do Not Disturb While Driving" with iOS 11, describe such factual basis with particularity, including all facts that supported Your allegations that it "is inconceivable that Apple was not fully aware of [] Mr. Bovis' app and the Bovis Patent at the time it adopted 'Do Not Disturb'" and that Apple "surely had knowledge of the 'OFF MODE' app which was available for download long before the launch of iOS 11." (Dkt. No. 1 at ¶¶ 27, 37.)

INTERROGATORY NO. 7:

Describe with particularity your factual basis for alleging that "the Lumia phones sold by Microsoft infringe claim 1 of the '853 patent" (*SMTM Technology, LLC v. Microsoft Corp.*, Case No. 4-15-cv-02396 (N.D. Cal.), Dkt. No. 1), including an identification of all facts that supported Your allegation for each claim limitation of claim 1 of the Patent-In-Suit.

DATED: April 8, 2020                     Respectfully submitted,

                                         */s/ Doug Winnard*
                                         Michael T. Pieja (CA Bar No. 250351)
                                         Alan E. Littmann (*pro hac vice*)
                                         Doug Winnard (CA Bar No. 275420)
                                         Lauren Abendshien (*pro hac vice*)
                                         Allyson M. Julien (*pro hac vice*)
                                         GOLDMAN ISMAIL TOMASELLI
                                         BRENNAN & BAUM LLP

1
2
3
4
5
6
7
8
9
10
11

200 S. Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
labendshien@goldmanismail.com
ajulien@goldmanismail.com

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

12
13

*Attorneys for Defendant Apple Inc.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC** has been served on April 8, 2020, to all counsel of record who are deemed to have consented to electronic service.

*/s/ Doug Winnard*
Doug Winnard (CA Bar No. 275420)