# EXHIBIT B

**JOSEPH W. COTCHETT**
(SBN 36324; jcotchett@cpmlegal.com)
**TAMARAH P. PREVOST**
(SBN 313422; tprevost@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**PAUL W. REIDL**
(SBN 155221; paul@reidllaw.com)
**LAW OFFICE OF PAUL W. REIDL**
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530

*Attorneys for Plaintiff,*
*SMTM Technology, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SMTM TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant. <br><br> APPLE INC., a California Corporation, <br><br> Counterclaimant, <br><br> v. <br><br> SMTM TECHNOLOGY, LLC, <br><br> Counterdefendant. | Case No. 4:19-cv-08133-YGR <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC** |

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR

| | |
|---|---|
| **PROPOUNDING PARTY:** | DEFENDANT APPLE INC. |
| **RESPONDING PARTY:** | SMTM Technology, LLC |
| **SET NUMBER:** | ONE |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff SMTM Technology, LLC ("Plaintiff" or "SMTM") hereby objects and responds to Defendant Apple Inc.'s ("Defendant" or "APPLE") First Set of Interrogatories, dated April 8, 2020, as follows:

## PRELIMINARY STATEMENT

Plaintiff makes the following Preliminary Statement, which is incorporated by reference into each Request response. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way prejudice Plaintiff in relation to further discovery, research, investigation, or analysis. Plaintiff accordingly reserves the right to change or supplement any and all responses herein as additional facts or documents are ascertained and/or recalled and analyses thereof are made.

All answers contained herein are based only upon such information and documents presently available and specifically known to Plaintiff. Further discovery, investigation, and legal research and analysis, may supply additional facts and/or add meaning to known facts. The following responses are given without prejudice to Plaintiff's right at trial to produce evidence of any subsequently discovered facts that may later develop.

## GENERAL OBJECTIONS

Plaintiff objects generally to the Interrogatories, and to each individual request therein, on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatory below. Each response set forth below incorporates, is subject to, and does not waive any of these general objections

1. Plaintiff and Plaintiff's counsel have not completed (1) their investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following are therefore based upon information known at this time and are provided without prejudice to the Plaintiff's right to supplement these responses prior to trial or to produce additional documents based on subsequently discovered information. Likewise, Plaintiff's responses are

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR        1

based upon, and are therefore limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses at the time of trial or in connection with any motion if inadvertent errors or omissions have been made.

2. Plaintiff objects to each of APPLE's definitions, instructions, and Interrogatories to the extent they seek to impose an obligation on Plaintiff beyond that set forth in the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of California, and to the extent that each seeks information beyond that permitted by such rules.

3. Plaintiff objects to each of APPLE's definitions, instructions, and Interrogatories to the extent they are overbroad, unduly burdensome, vexatious, designed to harass or annoy, vague and ambiguous, or call for the production of information neither relevant to any issue in dispute nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each of APPLE's definitions, instructions, and Interrogatories to the extent that the information sought is unreasonably cumulative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Plaintiff objects to each of APPLE's definitions, instructions, and Interrogatories to the extent that they are vague, ambiguous, and require Plaintiff to speculate as to the information APPLE seeks.

6. Plaintiff objects to each of APPLE's definitions, instructions, and Interrogatories to the extent they seek information from agents or other third parties not under the control of Plaintiff, or that is otherwise outside Plaintiff's possession, custody, or control.

7. To the extent any term in the Interrogatories is defined in the Federal Rules of Civil Procedure, Plaintiff will interpret such term as it is so defined and not as defined in the Requests.

8. Plaintiff objects to each of APPLE's definitions, instructions, and Interrogatories, to the extent that they seek information subject to the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection. Subject to these objections, Plaintiff responds to these Interrogatories based on information known to Plaintiff from non-privileged

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR                2

sources. Any responses to the Interrogatories are, and shall be, subject to, and without waiver of, any claim or privilege or other exemption.

9. The General Objections set forth above are incorporated in each response below and shall be deemed to be continuing even if not specifically referred to in responses to individual Interrogatories. Any responses to these Interrogatories are made without waiver of, or prejudice to, any objections Plaintiff may raise now or in the future and all such objections are hereby expressly preserved.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Plaintiff objects to the definition of "You" and "Your" as vague, ambiguous, overbroad, unduly burdensome, unintelligible, and oppressive. Plaintiff further objects to this definition as purporting to impose a greater burden on Plaintiff than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure. Plaintiff further objects to this definition to the extent that it calls for the disclosure of information protected from discovery by the attorney-client privilege and/or work product doctrine, or otherwise shielded from discovery pursuant to Fed. R. Civ. P. 26(b)(3).

2. Plaintiff objects to the definition of "Communication" as vague, ambiguous, overbroad, unduly burdensome, unintelligible, and oppressive. Plaintiff further objects to this definition as purporting to impose a greater burden on Plaintiff than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

3. Plaintiff objects to the definition "Document," or "Documentation" as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to this definition to the extent that it imposes obligations on Plaintiff beyond the scope of Federal Rules of Civil Procedure and Federal Rules of Evidence.

4. Plaintiff objects to the definition of the terms "each," and "Each" to mean and include "each and every," "all" and "All" to mean and include "any and all," and "any" and "Any" to mean and include "any and all" as

5. Plaintiff objects to the definition of "Person," or "Persons" to the extent it would

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR       3

require Plaintiff to provide information protected by the attorney-client privilege, the work-product doctrine, or otherwise outside the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(3).

6. Plaintiff objects to the definition of "Relate," "Relate To," "Related To" or "Relating To" to the extent they render Interrogatories overbroad, unduly burdensome, or disproportionate to the needs of this case.

7. Plaintiff objects to the definition "Identify" as vague, ambiguous and overbroad, unintelligible, unduly burdensome, unreasonable, and oppressive. Plaintiff further objects on the grounds that this definition purports to impose obligations on Plaintiff that exceed the permissible scope of discovery set forth in the Rules.

8. Plaintiff objects to the Instructions of the words "and" and "or" to the extent that they render Interrogatories to become overbroad, unduly burdensome, or disproportionate to the needs of this case.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Each of the specific objections and responses is made subject to and without waiver of Plaintiff's Preliminary Statement, General Objections, Objections to Definitions and Instructions, or Specific Objections. Furthermore, no specific response constitutes a waiver of Plaintiff's right to object to any supplemental request covering the same or similar subject matter.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Separately for each of the following limitations recited in one or more claims of U.S. Patent No. 8,958,853, identify all disclosures of Provisional Application No. 61/835,324 that You contend provide written description support, in the manner required by 35 U.S.C. § 112, in order to obtain an earlier effective filing date under 35 U.S.C. § 120:

    a.   "receiving a user selection to automatically initiate the inactive mode in response to the paring of the mobile device with a vehicle;"

    b.   "in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode"

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR           4

    c.    "a memory controlled by the processor, the memory including instructions that when executed by the processor cause the processor to perform the steps of"

    d.    "suppressing all sound, visual, and vibration cues that would have accompanied the communication had the mobile device not been in inactive mode."

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to and without waiving the General Objections incorporated herein, Plaintiff objects to this Interrogatory because it is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party in this Action nor proportional considering the needs of the case, Plaintiffs' resources, and the importance of the discovery in resolving the issues. Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion and/or opinion. Plaintiff objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the foregoing Objections, Plaintiff responds as follows: Plaintiff objects to this request as requiring the early disclosure of expert testimony. Plaintiff will supplement this response at the appropriate time. It is also premature under Local Rule 2-5(b).

**INTERROGATORY NO. 2:**

Describe with particularity all occasions on which You offered, were offered, or agreed to license, convey, or acquire any rights in or to the Patent-in-Suit (or to any collection of intellectual property rights that encompasses the Patent-in-Suit) including for each instance, the identity of any Third Party involved in the offer, the patents involved, the dates of the relevant communications, the proposed (and, if applicable, actual) terms or conditions of the proposed or actual license or acquisition including monetary, temporal, geographic, and other terms, all individuals having knowledge regarding the instance, and all Documents comprising, referring or relating to, or reflecting the instance.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to and without waiving the General Objections incorporated herein, Plaintiff objects to this Interrogatory because it is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party in

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR     5

this Action nor proportional considering the needs of the case, Plaintiff's resources, and the importance of the discovery in resolving the issues. Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion and/or opinion. Plaintiff objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the foregoing Objections, Plaintiff responds as follows: Other than the assignment by the inventor to the LLC of which he is the Managing member, none. The assignment was executed on May 20, 2015 and has been produced to Defendant. The only Third Party involved (other than counsel who drafted the assignment) was the inventor, Nick Bovis.

**INTERROGATORY NO. 3:**

Identify any objective indicia or secondary considerations (such as commercial success, long felt need, failed attempts of others to solve a problem, initial skepticism, industry recognition and praise for patented products, unexpected results or properties, licenses, and copying and imitation by others) that You contend are relevant in determining the issue of obviousness of the subject matter claimed in the Patents-in-Suit under 35 U.S.C. § 103 and describe in detail why each secondary consideration demonstrates non-obviousness, including its alleged nexus to the Patents-in-Suit, and each person having knowledge of the facts underlying such response.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to and without waiving the General Objections incorporated herein, Plaintiff objects to this Interrogatory because it is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party in this Action nor proportional considering the needs of the case, Plaintiff's resources, and the importance of the discovery in resolving the issues. Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion and/or opinion. Plaintiff objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the foregoing Objections, Plaintiff responds as follows: Plaintiff is not contending that the invention is obvious and, because the patent is presumed to be valid, 35 U.S.C. § 282, Plaintiff is not obligated to prove non-obviousness as part of its prima

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR       6

facie case. The case for non-obviousness was made in the application and accepted by the Patent Office. To the extent this request is seeking Plaintiff's response to Defendant's prior art disclosures, the request is premature and objectionable under Local Rule 2-5 (c).

**INTERROGATORY NO. 4:**

Separately for each claim of the Patent-in-Suit, describe with particularity all facts and circumstances Relating To the conception and reduction to practice of the claimed invention, including the date on which you contend the claimed invention was conceived and the date on which You contend the claimed invention was reduced to practice, and each person with knowledge of such conception or reduction to practice, including the nature of each person's participation, involvement, and/or contribution to such conception and/or reduction to practice.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to and without waiving the General Objections incorporated herein, Plaintiff objects to this Interrogatory because it is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party in this Action nor proportional considering the needs of the case, Plaintiff's resources, and the importance of the discovery in resolving the issues. Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion and/or opinion. Plaintiff objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the foregoing Objections, Plaintiff responds as follows: Plaintiff is unaware of the precise date on which the inventor conceived of the invention but it was earlier than January 2013. In January 2013, the inventor hired a company, Spritz LLC, to build the OFF MODE application. The application became available for download on Google Play on or about May 7, 2013. It was also made available on www.offmodeapp.com at or about that time.

The person who has knowledge of the conception and reduction to practice is the inventor Nick Bovis. The people at Spritz LLC with knowledge of the building and launch of the application are Raghu Shivaram (co-founder), Lindsay Cumming (Account Coordinator), and Beth Schnitzer (co-founder).

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR        7

**INTERROGATORY NO. 5:**

State whether the OFF MODE app was marked with the number of the Patent-in-Suit in compliance with 35 U.S.C. § 287(a) and, if so, identify when You first marked the OFF MODE app and the manner in which such marking was allegedly made.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to and without waiving the General Objections incorporated herein, Plaintiff objects to this Interrogatory because it is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party in this Action nor proportional considering the needs of the case, Plaintiff's resources, and the importance of the discovery in resolving the issues.

Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion and/or opinion. Plaintiff objects to this Interrogatory to the extent that it calls for expert testimony.  Plaintiff objects to the use of the term "in compliance" as inaccurate as 35 U.S.C. § 287 (a) does not require marking.

Subject to and without waiving the foregoing Objections, Plaintiff responds as follows: Plaintiff believes, but is not certain, that the fact that there was a patent pending was disclosed in the text of the OFF MODE application.  It was also publicly disclosed on the Facebook page for the OFF MODE application.

**INTERROGATORY NO. 6:**

If You contend that You had a good-faith factual basis for alleging in Your Complaint (Dkt. No. 1) that Apple had knowledge of either the OFF MODE app or of the Patent-in-Suit, or both, prior to Apple's release of "Do Not Disturb While Driving" with iOS 11, describe such factual basis with particularity, including all facts that supported Your allegations that it "is inconceivable that Apple was not fully aware of [] Mr. Bovis' app and the Bovis Patent at the time it adopted 'Do Not Disturb'" and that Apple "surely had knowledge of the 'OFF MODE' app which was available for download long before the launch of iOS 11." (Dkt. No. 1 at ¶¶ 27, 37.)

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR         8

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to and without waiving the General Objections incorporated herein, Plaintiffs objects to this Interrogatory because it is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party in this Action nor proportional considering the needs of the case, Plaintiff's resources, and the importance of the discovery in resolving the issues. Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion and/or opinion. Plaintiff objects to this Interrogatory to the extent that it calls for expert testimony. Plaintiff objects to this Interrogatory as compound, and impermissible under FRCP 33. Plaintiff objects to this Interrogatory as a premature contention Interrogatory, as discovery is still in its infancy in this case.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: It is generally known that Defendant has a large legal team which is responsible for making sure that Defendant does not infringe valid patents. A rudimentary search would have disclosed the existence of the Patent-in-Suit. Plaintiff intends to conduct extensive discovery on this subject and will supplement this response as appropriate.

**INTERROGATORY NO. 7:**

Describe with particularity your factual basis for alleging that "the Lumia phones sold by Microsoft infringe claim 1 of the '853 patent" (SMTM Technology, LLC v. Microsoft Corp., Case No. 415-cv-02396 (N.D. Cal.), Dkt. No. 1), including an identification of all facts that supported Your allegation for each claim limitation of claim 1 of the Patent-In-Suit.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to and without waiving the General Objections incorporated herein, Plaintiff objects to this Interrogatory because it is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party in this Action nor proportional considering the needs of the case, Plaintiff's resources, and the importance of the discovery in resolving the issues.

Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion and/or opinion. Plaintiff objects to this Interrogatory to the extent that it calls for expert

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR          9

testimony. Plaintiff objects to this Interrogatory as compound, and impermissible under FRCP 33, particularly in light of this early stage of discovery. Plaintiff further objects to this request as irrelevant and not proportionate to the needs of the case, as it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as impermissibly requesting the disclosure of material protected by the attorney-client privilege and attorney work product immunity.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: The case this Interrogatory refers to was voluntarily dismissed. Plaintiff is not required to complete a Local Rule 3-1 disclosure for a case that was voluntarily dismissed, involving conduct other than Defendant's.

Dated:  May 8, 2020                    **COTCHETT, PITRE & McCARTHY, LLP**

By:   /s/ Joseph W. Cotchett
          JOSEPH W. COTCHETT
          TAMARAH P. PREVOST

Dated:  May 8, 2020                    **LAW OFFICE OF PAUL W. REIDL**

By:   /s/ Paul W. Reidl
          PAUL W. REIDL

*Attorneys for Plaintiff, SMTM Technology, LLC*

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR         10

# VERIFICATION

I, Nick Bovis, declare:

I am the plaintiff in the above-entitled matter. I have read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2020, in San Mateo, California.

_____
NICK BOVIS

Law Offices TCHETT, PITRE & CCARTHY, LLP

PLAINTIFF'S VERIFICATION TO RESPONSE TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SMTM TECHNOLOGY, LLC; Case No. 4:19-cv-08133-YGR     1

Scanned with CamScanner